UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON DANTE HARRIS, JR., | Case No. 1:24-cv-01426-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR IFP STATUS BE DENIED |
| v. | |
| UNITED STATES OF AMERICA, | (ECF No. 5) |
| Defendant. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Devon Dante Harris, Jr., is incarcerated at Lerdo Max-Med Facility and is proceeding *pro se* in this action filed on November 21, 2024. (ECF No. 1). On November 22, 2024, the Court ordered Plaintiff to either submit the application to proceed *in forma pauperis* or pay the filing fee. (ECF No. 3). On January 2, 2025, Plaintiff filed an application to proceed *in forma pauperis* (IFP) in this action (ECF No. 5).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff's motion be denied and Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

I. **IFP REQUEST**

"IFP status is not a constitutional right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed *in forma pauperis* is a

1

privilege not a right."). The grant or refusal of permission to proceed *in forma pauperis* is left to the sound discretion of the district court. *Smart*, 347 F.2d 114, 116 (9th Cir. 1963) (citing *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963)).

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

The Ninth Circuit has also held that dismissals pursuant to Federal Rule of Civil Procedure 8(a) sometimes qualify as strikes. *Knapp v. Hogan*, 738 F.3d 1106, 1109-1110 (9th Cir. 2013). In determining whether a Rule 8(a) dismissal counts as a strike, "[e]ach dismissal under the Rule must be assessed independently: did the Rule 8(a) dismissal result from the court's appraisal of the merits of the case (i.e., was it 'frivolous' or did it 'fail to state a claim'), or did the dismissal result from an appraisal of the prisoner's state of mind (i.e., 'malicious')?" (*Id.*). The Ninth Circuit specifically held that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)." (*Id.*).

\\\
\\\
\\\

### III. ANALYSIS

#### A. Strikes

Plaintiff filed this action on November 21, 2024. (ECF No. 1). The Court takes judicial notice[1] that in the following three cases Plaintiff was granted *in forma pauperis* status and had his complaints dismissed: (1) *Harris v. Randle*, No. 1:19-cv-00254-DAD-HBK (E.D. Cal.) (case dismissed on August 10, 2021, after a finding that the complaint failed to state a claim); (2) *Harris v. Bureau of Prisons*, No. 1:17-cv-01684-SAB (E.D. Cal.) (case dismissed on July 7, 2017, after a finding that the complaint failed to state a claim); (3) *Harris v. USA*, No. 1:20-cv-00007-DAD-EPG (E.D. Cal.) (case dismissed on January 14, 2021, because the first amended complaint failed to comply with rule 8(a), despite being given leave to amend, and because claims were barred by judicial immunity).

In the last case, *Harris v. USA*, Plaintiff was originally given the opportunity to file an amended complaint after the Court's first screening order found that Plaintiff's complaint stated no cognizable claims. *Harris v. USA*, 1:20-cv-00007-DAD-EPG (E.D. Cal.) (ECF No. 11). Upon review of the amended complaint, the Court issued Findings and Recommendations that the action be dismissed without further leave to amend. *Harris v. USA*, 1:20-cv-00007-DAD-EPG (E.D. Cal.) (ECF No. 19 at 6). Specifically, the Court found that Plaintiff failed to comply with Rule 8(a) and that judicial immunity applied to Plaintiff's allegations. (*See generally id.*). In its conclusion, the Court also noted that it "previously provided Plaintiff with an opportunity to amend his complaint with the benefit of the relevant legal standards, and Plaintiff filed his First Amended Complaint with the guidance of those legal standards." (*Id.* at 4, 6). The district court agreed and adopted the Findings and Recommendations. *Harris v. USA*, 1:20-cv-00007-DAD-EPG (E.D. Cal.) (ECF No. 20). Because the Court found repeated violations of Rule 8(a)'s 'short and plain statement' requirement, and gave Plaintiff leave to amend, and because the Court also

---

[1] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

found that Plaintiff's claims were barred by judicial immunity, this dismissal counts as a strike. *See Knapp*, 738 F.3d at 1109-1110.

Accordingly, the Court finds that Plaintiff has at least three "strikes" under 28 U.S.C. § 1915(g).

### B.      Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint makes various frivolous allegations that the United States of America is wrongfully depriving him of access to accounts totaling $783,000,000,000 in trust fund assets. (ECF No. 1 at 2). Plaintiff also asserts some incomprehensible questions related to inheritance of Native American lands. (*See generally id.*).

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety. Moreover, Plaintiff makes no indication that he is experiencing any imminent threat to his safety. (*See generally* ECF No. 1).   Therefore, the Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. *See Driver v. Pohovich*, No. 2:22-CV-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was under threat of imminent

danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff's request for IFP status be denied and Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

### IV.     CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 5) be denied.
2. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 19, 2025**                /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

5