**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVON DANTE HARRIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendants. | Case No.  1:24-cv-01426 JLT EPG <br><br> ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE LOCAL RULES, TERMINATING PENDING MATTERS AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |

Devon Dante Harris, Jr., initiated this action by filing a complaint against the Government on November 21, 2024. (Doc. 1.)  Because Plaintiff has failed to prosecute this action and failed to keep the Court informed of his current mailing address as required by the Local Rules, the action is **DISMISSED** without prejudice.

**I.     Background**

On November 21, 2024, the Court issued its new case documents, which informed Plaintiff of the obligation to keep the Court informed of his current mailing address.  (*See* Doc. 2 at 5.)  Because Plaintiff did not file an application to proceed *in forma pauperis* or pay the filing fee, the Court ordered him to either submit a motion to proceed IFP or pay the fee.  (Doc. 3.)  Thereafter, Plaintiff filed a motion to proceed *in forma paupers*.  (Doc. 5.)  After reviewing the application, the magistrate judge issued Findings and Recommendations, recommending the motion be denied.  (Doc. 7.)  However, the U.S. Postal Service returned the Court's mail as

1

"Undeliverable, Unable to Forward" on March 3, 2025.  To date, Plaintiff has not filed a notice of change of address and the Court remains unable to communicate with Plaintiff.

## II.      Requirements of the Local Rules

Pursuant to Local Rule 183(b), Plaintiff is required to keep the Court informed of his current mailing address.  In relevant part, the Local Rules provide:

> A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

*Id.*  Because more than 30 days have passed since the Postal Service returned the Court's mail for on March 3, 2024, Plaintiff failed to comply with Local Rule 183(b).  Thus, "the Court may dismiss the action without prejudice for failure to prosecute."  *Id.*; *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local rules);

## III.     Dismissal for Failure to Prosecute

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  To determine whether to dismiss an action for failure to prosecute, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1424; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (identifying the same factors).

In this matter, the public's interest in expeditiously resolving the litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent

1  interest in managing their dockets without being subject to noncompliant litigants).  This Court
2  cannot, and will not hold, this case in abeyance based upon the failure to prosecute in a timely
3  manner and communicate with the Court.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648,
4  652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable
5  pace, and to refrain from dilatory and evasive tactics").  Thus, these factors weigh in favor of
6  dismissal of the action.

7        To determine whether the defendant suffer prejudice, the Court must "examine whether
8  the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful
9  decision of the case."  *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (citation
10  omitted).  Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays
11  the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
12  Plaintiff has not kept the Court informed of his current mailing address, causing unreasonable
13  delays to the Court.  Therefore, this factor also favors dismissal of the action.

14        The Ninth Circuit indicated it is an abuse of discretion to dismiss "without first
15  considering the impact of the sanction and the adequacy of less drastic sanctions."  *United States*
16  *v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  In the First Informational
17  Order, the Court warned Plaintiff that if he failed to keep the Court informed of his mailing
18  address as required by Local Rule 183(b), the matter would be dismissed for failure to prosecute.
19  (Doc. 2 at 5.)  Importantly, the Court need only warn a party once that the matter could be
20  dismissed for failure to comply to satisfy the requirements of Rule 41.  *Ferdik*, 963 F.2d at 1262;
21  *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982)
22  (identifying a "warning" as an alternative sanction). Accordingly, the Court's warning satisfied
23  the requirement that lesser sanctions be considered.  *See Ferdik*, 963 F.2d at 1262; *Henderson*,
24  779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.  Moreover, no lesser sanction is feasible due to the
25  Court's inability to communicate with Plaintiff.  *Gaston v. Marean*, 2020 WL 4059200, at *3
26  (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff,
27  there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this
28  action and his failure to apprise the Court of his current address").

Finally, the policy favoring disposition of cases on their merits is outweighed by the other factors that favor dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV.     Conclusion and Order

Based upon the foregoing, the Court finds the imposition of a terminating sanction is appropriate for Plaintiff's failure to prosecute. Thus, the Court **ORDERS**:

1. The action is **DISMISSED** without prejudice for Plaintiff's failure to prosecute the action and failure to comply with Local Rule 183(b).
2. Pending matters—including Plaintiff's motion to proceed *in forma pauperis* and the Findings and Recommendations addressing the motion (Docs. 5, 7)— are terminated as **MOOT**.
3. The Clerk of Court is directed to close the action.

IT IS SO ORDERED.

Dated:   **April 18, 2025**                                                    /s/ Jennifer L. Thurston
                                                                                               UNITED STATES DISTRICT JUDGE